TOLER v. CROWDER.

Opinion delivered February 26, 1917.

BANKRUPTCY—SALE OF PROPERTY SUBJECT TO LIEN—TITLE OF PURCHASER —PRESERVATION OF LIEN.—In bankruptcy proceedings, the court and referee may order the property of the bankrupt sold, free and clear from mortgages and other liens, and preserve such liens by transferring them to the funds which are the proceeds of the sale, and where the mortgagee consents to a waiver of his lien on the property, the purchaser takes the property free and clear.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; affirmed.

*G. B. Oliver*, for appellant.

1.   The court erred in holding that plaintiff could maintain the suit *in personam* for the purchase money without first having tendered a deed.

2.   The court erred in holding that the trustee exceeded his authority in offering the property free of incumbrance and in agreeing to procure the release of the Allen-West Commission Co. mortgage.

3.   The release of said company did not follow the laws of Missouri. Rev. Stat., §§ 2844-2851.

*D. Hopson*, for appellee.

1.   A deed was tendered by the former trustee and also by appellee in the complaint. This was sufficient. The declarations of defendants that they would not carry out the contract relieves plaintiff from any tender of deed.   39 Cyc. 1910;  97 Ark. 623.

2.   The lots were sold by order of court free of all incumbrances and Allen-West Commission Co. consented. The rule of *caveat emptor* applies.  24 Cyc. 57; 32 Ark. 321;  32 *Id.* 97.  The sale of the lots cleared the incumbrance.   5 Cyc. 383.

3.   A purchaser cannot rescind without surrendering possession and putting the vendor *in statu quo.* 5 Ark. 395;  4 *Id.* 467;  15 *Id.* 286;  20 *Id.* 424.

4.   The statutes of Missouri have no application here.

HUMPHREYS, J.   On the 17th day of June, 1911, appellants bought lots 4 and 5, in block 2 of Borden's addition to the town of Neelyville, Missouri, from C. W. Jones, trustee in bankruptcy of the estate of J. M. Hawks. These lots were included with other property in a mortgage given prior to this time by the bankrupt, J. M. Hawks, to Allen-West Commission Company, to secure a large indebtedness' owed by Hawks to said commission company. In the bankrupt proceedings, other creditors had attacked the validity of said mort-

gage, and by consent of Allen-West Commission Co., the bankruptcy court ordered the lots sold and the proceeds deposited with the clerk subject to the order of the court. The sale was made, reported and confirmed. Appellants took possession of said lots and collected the rents until the building burned, at which time they collected $1,600.00 insurance. Appellants executed notes for the unpaid purchase money and the last note so executed is the basis of this action. At the time of the sale, the trustee stated the lots were being sold free from incumbrance. After the indebtedness became due, he tendered a trustee's deed and release to appellants and demanded payment of said note. Appellants objected to the form of the release by Allen-West Commission Company, and declined to accept the deed and pay the note.

C. W. Jones died and T. J. Crowder was appointed trustee of J. M. Hawks, bankrupt. He offered to make a deed and give a release to appellants, who declined to carry out the contract. Thereupon, he instituted this suit and in the complaint tendered a trustee's deed to appellants for said real estate. Appellee obtained a judgment on the note; proper steps were taken and the cause is here on appeal.

Appellants contend that the judgment should be reversed because appellee never tendered a release sufficient in form from Allen-West Commission Company. In support of this contention sections 2844 to 2851, inclusive, of the Revised Statutes of Missouri of 1909, describing the method by which mortgages and deeds of trust are released in Missouri, are cited by appellant. These statutes have no application to the facts in this case, for under appellant's own evidence, no contract or promise was made by the trustee at the time of the sale to have Allen-West Commission Company release its mortgage in accordance with the statutory form required in Missouri. The order of sale gave the trustee no such authority. The statement made by him at the time of the sale was that the property was being sold free of encumbrance. The sale was made

at the instance of the creditors of the bankrupt by and with the consent of the mortgagee, Allen-West Commission Company.

In bankruptcy proceedings, the court and referee may, in proper cases, order the property of the bankrupt sold "free and clear from mortgages or other liens, and preserve such liens by transferring them to the funds which are the proceeds of the sale." 5 Cyc. 383, and cases cited in support of the text.

The mortgagee consented that this should be done, and therefore waived all right under the mortgage to his lien. The mortgagee's lien was as effectively wiped out by this sale as if it had been sold under the mortgage. No release, therefore, was necessary.

An objection is made that the deed was not tendered until after this suit was instituted. We do not so understand the facts. Jones, as trustee, tendered a deed in his lifetime. Appellee, as trustee, tendered both a deed and release, to which no objection was made on account of form, but refused because appellants had decided not to carry out the contract. Appellee offered in his complaint to make a deed.

No authorities are cited in support of the contentions made by appellant for reversal of the judgment, nor do the record facts support the contentions advanced.

Under the undisputed evidence in the case, the court was correct in instructing a verdict on the note. The judgment is affirmed.